**In re Anonymous No. 52 D.B. 87**

Disciplinary Board Docket no. 52 D.B. 87.

DOUGLAS, *Member*, March 7, 1989 — From 1952 until November 30, 1986, respondent prac-

ticed law with the firm of [A] in [    ], Pennsylvania. Respondent resigned and retired form the firm and the practice of law on November 30, 1986. He is currently employed as a consultant claims adjuster by the [B] Company of [    ].

From 1965 on, respondent's trial work steadily increased, as did his alcohol consumption. During this period respondent was being treated for hypertension with the drug Inderol. His treatments caused side effects of impotence and mental depression, which in turn increased his alcohol consumption.

In 1977, respondent's son-in-law, with whom he was very close, was killed in a motel fire. Again, respondent's dependence on alcohol increased and his mental depression deepened.

Respondent failed to file his federal tax returns for the years 1980 and 1981. In 1984, respondent entered the detoxification program at the suggestion of a psychiatrist. After respondent was discharged from the program, he abstained from alcohol and continued to see a psychiatrist on a weekly basis.

On November 26, 1986, the government informed respondent of its intention to proceed with a criminal investigation of his failure to file returns for the years 1980 and 1981. After respondent resigned and retired from his firm and retired from the practice of law on November 30, 1986, he withdrew $360,000 under his profit-sharing plan for the payment of his taxes.

On April 9, 1987, respondent appeared before U.S. District Judge [C] and entered a plea of guilty to two misdemeanor counts of willful failure to file an income tax return for the calendar years 1980 and 1981. Judge [C] imposed a five-year probation under which respondent was ordered to reside and participate in the [D] Treatment Center for six

months. Upon expiration of his six-month residence at [D], Judge [C] terminated his probation.

Respondent has been participating in his former firm's Supplemental Wage Income Plan, which pays approximately $1,300 per month and requires him to refrain from practicing law.

Despite the severity of respondent's personal problems, the record does not show that his failure to file his income tax returns was motivated by dishonesty or a desire to gain some unfair monetary advantage. Further, a senior partner in respondent's former firm testified that during this period respondent's representation to his clients in court was extremely competent.

After considering the underlying circumstances in respondent's case and weighing the interests of the public, the legal profession and respondent, the hearing committee recommended the imposition of a private reprimand. The board adopted the committee's recommendation and determined that a private reprimand would serve as an appropriate sanction in this matter.

Messrs. Schwartzman and Tumolo did not participate in the adjudication.

## ORDER

And now, March 7, 1989, the report and recommendation of Hearing Committee [   ] filed November 1, 1988 is accepted, and it is hereby ordered and decreed, that the said [respondent] of [   ] County, be subjected to private reprimand by the disciplinary board of the Supreme Court of Pennnsylvania as provided in rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of the board. Costs are to be paid by respondent.